**UNITED STATES HOSIERY CORPO-
RATION and Workforce,
Inc., Plaintiffs,**

v.

**THE GAP, INC., Defendant.**

**No. ST-C-87-136.**

United States District Court,
W.D. North Carolina.

Dec. 21, 1988.

---

4. As such, he is not subject to the 100-mile limitation of Fed.R.Civ.P. 45(d)(2) suggested by 3M.

W. Thad Adams, III, Jeffrey J. Davis, Moore & Van Allen, Charlotte, N.C., for plaintiffs.

Martin R. Greenstein, Baker & McKenzie, Chicago, Ill., John H. Hasty, Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb & McDonnell, Charlotte, N.C., for defendant.

ROBERT D. POTTER, Chief Judge.

## I. PRELIMINARY STATEMENT

THIS MATTER is before the Court on various outstanding motions in this case:

(1) Defendant's Motion to Set Trial for a Date Certain in the Court's October Term, filed September 13, 1988;

(2) Defendant's Motion for Protective Order, filed September 13, 1988;

(3) Defendant's Motion for Protective Order, filed September 14, 1988;

(4) Plaintiffs' Motion to Compel Production of Documents and for Sanctions and Damages, filed September 19, 1988;

(5) Defendant's Motion to Compel, filed September 20, 1988;

(6) Plaintiffs' Motion for Peremptory Trial Setting, filed September 20, 1988;

(7) Defendant's Motion for Extension of Discovery Period, filed November 15, 1988; and

(8) Defendant's Second Motion to Compel, filed December 1, 1988.

On October 24, 1988, a hearing on several of these motions [1] was held, the undersigned presiding. Attorneys W. Thad Adams, III, and Margaret Ann Behringer appeared at the hearing on Plaintiffs' behalf, and attorneys John H. Hasty, Martin R. Greenstein, and Phil Zadeik appeared on Defendant's behalf. After hearing counsel's arguments, the undersigned took the outstanding motions under advisement and indicated that discovery would be extended until December 1, 1988 to allow Plaintiffs to produce certain financial documents.

## II. NATURE OF THE CASE

This is essentially a trademark case arising under federal trademark laws, 15 U.S. C.A. §§ 1051-1127 (West 1976, 1982 & Supp.1988), with pendent state claims for unfair trade practices and common law trademark infringement. This Court's subject-matter jurisdiction rests upon 28 U.S.C. A. §§ 1331 & 1338(a), (b) (West 1976 & Supp.1988), and 15 U.S.C.A. § 1121 (West Supp.1988).

Plaintiff United States Hosiery Corporation ("U.S. Hosiery") is a corporation orga-

---

**1.** This Court heard the parties' arguments on only the motions numbered (1) through (6) because the other motions, (7) and (8), were not at that time filed. This Court also heard oral arguments on Defendant's Motion for Summary Judgment, filed September 27, 1988, Plaintiffs' Motion for Partial Summary Judgment, filed September 27, 1988, and Plaintiffs' Further Motion for Partial Summary Judgment, filed October 11, 1988. These three substantive motions will be determined in a future order.

nized under the laws of the State of North Carolina. U.S. Hosiery has a place of business in this District within the Statesville Division. Plaintiff Workforce, Inc. ("Workforce") is a corporation organized under the laws of the State of North Carolina. Workforce also has a place of business within this District and the Statesville Division. Defendant, The Gap, Inc. ("The Gap"), is a California corporation with its principal place of business in San Bruno, California.

Plaintiffs manufacture and market socks with the mark WORKFORCE (one word) on them. These socks are marketed primarily to be used as "work socks," although they can be used for casual wear. Defendant is a retail chain marketing, among other things, denim jeans, chambray shirts, and denim jackets with the marks WORK–FORCE, or WORK FORCE, or sometimes WORKFORCE on them. Defendant sells its goods in its own stores, where it also sells Levi–Strauss products (jeans, shirts, skirts, jackets, etc.) and various other clothing lines of its own, including the WORK–FORCE line. Plaintiffs claim that Defendant's use of the marks WORK–FORCE, WORK FORCE, and WORKFORCE has unlawfully infringed upon Plaintiffs' allegedly validly registered trademark, WORKFORCE (Reg. No. 1,156,470), in violation of 15 U.S.C. § 1114. Plaintiffs also allege that Defendant falsely designated Defendant's goods as coming from Plaintiffs, in violation of 15 U.S.C. § 1125(a), and falsely procured a trademark registration of the WORK FORCE mark. Finally, Plaintiffs allege that Defendant has violated the North Carolina Unfair Trade Practices Act, N.C.Gen.Stat. § 75–1.1, and Plaintiffs' common law trademark rights.

## III. DISCUSSION ON PENDING MOTIONS

A. *Defendant's Motion to Set Trial for a Date Certain in the Court's October Term, filed September 13, 1988*

This motion is moot. Defendant and Plaintiffs both wanted a trial sometime late in October, but that time has already passed.

B. *Defendant's Motion for Protective Order, filed September 13, 1988*

In a letter dated October 14, 1988, John H. Hasty, Defendant's counsel, represented to this Court that Plaintiffs no longer wish to pursue the depositions of certain securities analysts in New York and California. At the October 24, 1988 hearing, Plaintiffs agreed that they did not wish to pursue these depositions, and, therefore, this motion is moot.

C. *Defendant's Motion and Memorandum for Protective Order, filed September 14, 1988*

This motion sought precisely the same relief as the September 13, 1988 motion discussed directly above, and, therefore, this motion is also moot.

D. *Plaintiffs' Motion to Compel Production of Documents and for Sanctions and Damages, filed September 19, 1988*

Plaintiffs are seeking an order compelling production of certain documents withheld by Defendant. Plaintiffs are also seeking reconsideration of this Court's order in this case, which denied Plaintiffs' request that Defendant produce the "Extensive Field Survey."

On September 8, 1988, Philip Zadeik, an attorney for Defendant, disclosed to Plaintiffs' counsel a number of documents. These documents are of a privileged nature between Defendant's employees or inhouse attorneys and Defendant's outside counsel. Three of these documents relate to Defendant's discovery of hosiery products marketed by Plaintiffs' under the WORKFORCE trademark.[2] Plaintiffs argue that the voluntary disclosure of these privileged documents requires, in fairness, disclosure of all other arguably privileged

---

**2.** Copies of these documents are attached as Exhibits B, C, and D to Plaintiffs' Memorandum

documents relating to the same subject matter. Copies of the documents Plaintiffs now seek were provided to this Court for an in camera inspection, along with a log identifying and numbering the documents. Referring to the log, Plaintiffs assert that the documents numbered 10, 11, 15, 22, 23, 42, 43, 44, 45, 46, 48, 49, 54, 55, 57, 56, 58, 59, 60, 61, and 62 relate to the same subject matter as the voluntarily produced documents and should now be produced to Plaintiffs.[3]

In a letter dated October 14, 1988, Defendant's attorney John H. Hasty represented to this Court that documents 10, 11, 15, 22, 23, 42, 48, 49, and 62 have been produced to Plaintiffs. Mr. Hasty asserts that the remaining documents at issue, 43, 44, 45, 46, 55, 56, 58, 59, 60, and 61, concern correspondence between The Gap's attorneys and attorneys in the United Kingdom and Canada, which documents are irrelevant and do not relate to the same subject matter as the voluntarily produced documents.

At the October 24th hearing, Plaintiffs' attorneys acknowledged that they have received some of the documents they are seeking. At the hearing, the undersigned indicated that Defendant should produce the remaining numbered documents Plaintiffs have requested, and, therefore, this Court will grant this portion of Plaintiffs' motion.

Plaintiffs also seek to get a copy of an "Extensive Field Survey," prepared by Defendant, which is a "privileged document prepared at the request of counsel for Defendant in anticipation of litigation."[4] Plaintiffs assert that the field survey was prepared for the purpose of determining the extent to which The Gap's rights were foreclosed by Plaintiffs' prior registration of the trademark "WORKFORCE." Plaintiffs assert that the subject matter of the field survey is the same as the subject matter of documents that have been volun-

tarily produced, and, therefore, should also be produced.

This Court is of the opinion that Plaintiffs' motion should be granted as to the "Extensive Field Survey." Defendant has disclosed some privileged documents relating to the same subject matter as the "Extensive Field Survey," and this Court does not think Defendant should be allowed to abuse the attorney-client communications and attorney work-product privileges by using them as a "sword" at times and, when convenient, as a "shield" at other times. Therefore, this Court shall grant this motion in its entirety. This Court will, however, deny Plaintiffs' request for expenses because under the circumstances it does not seem to be justified.

## E. *Defendant's Motion to Compel, filed September 20, 1988*

Defendant is seeking an order compelling Plaintiffs to produce documents pursuant to the following requests:

*Request No. 32*

Copies of any annual reports, financial summaries, accounting statements or similar documents for the years 1981 to the years 1988, inclusive, referring, relating or pertaining to the Plaintiffs.

*Request No. 46*

All documents which refer, relate or pertain to the profits generated by the Plaintiffs with respect to products sold under Plaintiffs' mark, for the years 1982 to 1988, inclusive.

These requests relate to documents which may support Plaintiffs' claims for lost profits allegedly suffered through The Gap's use of the trademark "WORKFORCE." Plaintiffs have asserted that the documents are irrelevant. On September 15, 1988, Plaintiffs produced a single-page document which purportedly calculated profits and lost sales. Defendant, however, asserts that this one page document

---

in Support of Motion to Compel Production of Documents, filed September 19, 1988.

**3.** At the hearing, however, Plaintiffs' counsel stated that documents 54 and 57 were not at issue.

**4.** *United States Hosiery v. The Gap*, ST–C–87–136 (W.D.N.C. filed July 29, 1988).

is incomplete. In addition, Defendant objects because the one-page profit and loss statement was not accompanied by any documents supporting the data contained in the statement.

■ This Court is of the opinion that Plaintiffs should respond to Defendant's document requests numbered 32 and 46. These documents are relevant, and the reasons offered in support of non-disclosure are not persuasive. At the October 24th hearing the undersigned identified specific categories of documents that would satisfy Defendant's document requests 32 and 46. Therefore, it is this Court's intention that Plaintiffs are only required to produce the categories of documents identified at the hearing, and no others.[5]

Defendant has requested that this Court order Plaintiffs to reimburse Defendant for Defendant's reasonable expenses incurred in bringing this motion, but this Court is of the opinion that under the circumstances such an award of expenses is not justified.

F. *Plaintiffs' Motion for Peremptory Trial Setting, filed September 20, 1988*

After this Court determines the parties' pending summary judgment motions in this case, the Honorable Richard Voorhees will be assuming control over it. If the parties desire a peremptory trial date, they should seek it from Judge Voorhees. For now, this Court will deny the motion for a peremptory trial setting.

G. *Defendant's Motion for Extension of Discovery Period, filed November 15, 1988*

Defendant is seeking a forty-five day extension of the discovery period, which expired on December 1, 1988. Defendant asserts that such an extension is necessary because Plaintiffs have not produced the financial documents this Court orally ordered, during the October 24th hearing, to be disclosed.[6] Plaintiffs, in response, have indicated that they object to any further extension of the discovery period—especially if such discovery is not limited to matters that were pending at the time of the October 24th hearing.

This Court is of the opinion that the discovery period should be extended until January 15, 1989 in order to permit the parties to comply *fully* with the various discovery orders contained in this Order. No other matters are to be explored during this last "limited" discovery period.

H. *Defendant's Second Motion to Compel, filed December 1, 1988*

Defendant is seeking to depose Diane Seagle, an employee of the Plaintiffs who is knowledgeable about quality control matters. Plaintiffs oppose Seagle's deposition on the ground that the discovery period expired long ago and that the recent extensions granted by this Court applied to only a few matters pending at that time.

This Court is of the opinion that Plaintiffs are right when they say, "Enough is enough." Discovery in this case has been pending an excruciatingly long period of time. The parties should be preparing for trial.[7]

IV. CONCLUSIONS

NOW, THEREFORE, IT IS ORDERED that

(1) Defendant's Motion to Set Trial for a Date Certain in the Court's October Term, filed September 13, 1988, is hereby deemed to be MOOT;

---

5. In Defendant's Motion for Extension of Discovery Period, filed November 15, 1988, Defendant identifies the categories of documents that Plaintiffs are to turn over to Defendant.

6. Plaintiffs may very well have produced the documents between November 15, 1988 and the filing date of this Order, but the parties have not specifically informed this Court one way or the other.

7. This Court is mindful that this Court's determination of the parties' outstanding summary judgment motions may substantially alter the nature of the parties' pretrial preparations, or render such preparation unnecessary. Nevertheless, the parties should be devoting their time and resources to matters other than discovery at this late date.

(2) Defendant's Motion for Protective Order, filed September 13, 1988, is hereby deemed to be MOOT;

(3) Defendant's Motion for Protective Order, filed September 14, 1988, is hereby deemed to be MOOT;

(4) Plaintiffs' Motion to Compel Production of Documents and for Sanctions and Damages, filed September 19, 1988, is GRANTED:

(a) Defendant shall produce copies of the log-numbered documents, 43, 44, 45, 46, 55, 56, 58, 59, 60, and 61;

(b) Defendant shall produce a copy of the "Extensive Field Survey";

(c) Each party shall bear its own expenses incurred in bringing or responding to this motion;

(5) Defendant's Motion to Compel, filed September 20, 1988, is GRANTED:

(a) Plaintiffs shall fully respond—in the manner orally ordered during the October 24, 1988 hearing—to Defendant's document requests numbered 32 and 46;

(b) Each party shall bear its own expenses incurred in bringing or responding to this motion;

(6) Plaintiffs' Motion for Peremptory Trial Setting, filed September 20, 1988, is DENIED;

(7) Defendant's Motion for Extension of Discovery Period, filed November 15, 1988, is GRANTED:

Discovery shall be extended until January 15, 1989 for the limited purpose of allowing the parties to comply fully with the discovery orders contained within this Order; if the parties fail to complete ALL discovery by that date this Court will impose appropriate sanctions; and

(8) Defendant's Second Motion to Compel, filed December 1, 1988, is DENIED.